**Exhibit E**



Emily Kearney
Attorney & Managing Partner
The Kearney Firm, APC
301 Bayview Circle, Suite A5278
Newport Beach, CA 92660
(714) 624-4186
emily@thekearneyfirm.com
www.thekearneyfirm.com

**VIA CERTIFIED MAIL AND EMAIL**

**Guadalupe Gifts**
4005 Sapphire Lane
Weston, FL 33331
**info@guadalupegifts.com**

RE: Immediate Cease and Desist – Design Patent and Copyright Infringement

Dear Mr. and Mrs. Valerio,

This firm represents **The Little Catholic, LLC** ("TLC"), the creator and rightful owner of the **Holy Family Hearts Artwork**, a three-dimensional piece depicting the hearts of Jesus, Mary, and Joseph (the "Holy Family Hearts Artwork"). This work is a key part of TLC's exclusive jewelry collection, which is prominently displayed and sold on its website: https://www.thelittlecatholic.com/collections/best-selling-products/products/holy-family-hearts.

TLC holds registered copyrights for the Holy Family Hearts Artwork under **Copyright Registration Nos. VA0002209979** and **VAu001510355** (the "Copyrights"), as well as **U.S. Design Patent Nos. D1012750** and **D1043407** (the "Patents"). These legal protections grant TLC the exclusive rights to the design, reproduction, and sale of this artwork. Additionally, TLC holds a registered copyright for the photographs it uses on its website to display unrelated merchandise, including photographs it has taken of its "Mother Mary Necklace In Blue" under **Copyright Registration No. VA2417051** ("Mother Mary Photos Copyright").

It has come to our attention that your company, **Guadalupe Gifts**, is producing, distributing, and selling jewelry that is substantially similar to TLC's protected Holy Family Hearts Artwork, specifically on the following websites:

- https://guadalupegifts.com/products/dainty-gold-vermeil-three-hearts-of-the-holy-family-necklace
- https://guadalupegifts.com/collections/catholic-gift-shop/products/three-hearts-of-the-holy-family-sterling-silver-pendant
- https://guadalupegifts.com/collections/catholic-gift-shop/products/dainty-gold-vermeil-three-hearts-of-the-holy-family-necklace

Your jewelry that is sold at the foregoing links ("Your Jewelry") infringes on TLC's intellectual property because: (a) It is substantially similar to TLC's registered Copyrights, (b) It is

Emily Kearney
Attorney & Managing Partner
The Kearney Firm, APC
301 Bayview Circle, Suite A5278
Newport Beach, CA 92660
(714) 624-4186
emily@thekearneyfirm.com
www.thekearneyfirm.com



substantially similar to TLC's Patents[1], (c) You had clear access to the Holy Family Hearts Artwork, and (d) You are selling Your Jewelry without TLC's consent[2].

**Proof of Access and Willful Infringement**

We have irrefutable evidence that your company had access to the Holy Family Hearts Artwork. Your **Guadalupe Gifts Instagram account** follows both of TLC's business pages, which regularly feature images of the artwork. This establishes beyond dispute that your company had direct access to TLC's copyrighted and patented designs. Moreover, given your company's direct connection to TLC's Instagram accounts, a court is likely to find that your infringement was willful. We have saved screenshots documenting this connection, which will serve as clear evidence of intentional copyright and patent infringement.

**Design Patent Infringement**

It is important to emphasize that, while there are public domain depictions of the hearts of Jesus, Mary, and Joseph as separate, two-dimensional paintings, these images have **never** existed collectively as a three-dimensional jewelry design before the issuance of TLC's patents. The only previous depictions in the public domain of these three hearts were two-dimensional paintings, which are distinct articles of manufacture and have no bearing on the three-dimensional jewelry now protected by TLC's patents. In patent law, only articles of manufacture that are of the same kind may qualify as relevant prior art.[3] As such, there is no valid prior art that compares to TLC's patented three-dimensional design. Thus, Guadalupe Gifts has no defense for using the Holy Family Hearts Artwork.

**Copyright Infringement**

TLC's Holy Family Hearts Artwork incorporates distinctive artistic choices, including the omission of flames above the hearts of Jesus and Mary and the use of a rose on the heart of Joseph instead of the traditional lilies. Your Jewelry unmistakably copies these unique elements, exactly replicating TLC's artistic choices. These undeniable similarities leave no other plausible

---

[1] *See Arminak and Assoc. v. Saint-Gobain*, 501 F.3d 1314, 1321 (Fed. Cir. 2007) ("A question that is central to… every design patent case, is the identity of the "ordinary observer" of the design at issue… This test requires an objective evaluation of the question of whether a hypothetical person called the "ordinary observer" would find substantial similarities between the patented design and the accused design, so as to be deceived into purchasing the accused design believing it is the patented design.")
[2] 35 U.S.C. § 271
[3] *Columbia Sportswear North America, Inc. v. Seirus Innovative Accessories, Inc.* 2022 WL 5988026, "To qualify as comparison prior art, the prior-art design must be applied to the article of manufacture identified in the claim."

Emily Kearney
Attorney & Managing Partner
The Kearney Firm, APC
301 Bayview Circle, Suite A5278
Newport Beach, CA 92660
(714) 624-4186
emily@thekearneyfirm.com
www.thekearneyfirm.com



conclusion: Your Jewelry constitutes both copyright and patent infringement of TLC's protected works.

**Additional Copyright Infringement Claim – Use of TLC's Images**

In addition to infringing upon TLC's jewelry designs, your company is unlawfully using TLC's photographs that are protected by TLC's **Mother Mary Photos Copyright** to promote and sell merchandise unrelated to the Holy Family Hearts, which can be viewed at the following link on your website: www.guadalupegifts.com/products/our-lady-of-lourdes-necklace-blue. Specifically, we have discovered that you are using TLC's images, which are protected by TLC's **Copyright Registration No. VA2417051**, to market and advertise your "Gold Vermeil Blue Enamel Lourdes Necklace with White Crystals" on your website. This unauthorized use of TLC's images constitutes a separate and distinct violation of TLC's copyrights under **17 U.S.C. § 501**. TLC's exclusive rights include not only the creation and sale of its original works but also the exclusive right to reproduce, distribute, and display those works. Your unauthorized use of TLC's product images without permission is a direct infringement of those exclusive rights.

**Legal Consequences**

Under U.S. law, copyright and patent owners are entitled to seek substantial legal remedies for infringement. In the case of copyright infringement, TLC may pursue an injunction to halt further infringement, recover actual damages, and seek statutory damages of up to **$150,000 per infringement** for willful violations. For patent infringement, TLC is similarly entitled to seek an injunction, damages, and other monetary relief. The willful nature of your infringement also opens you to enhanced damages and legal fees.

**Our Demands**

To resolve this matter without litigation, we demand that you immediately:

1. Cease and desist from producing, distributing, marketing, or selling any jewelry that infringes upon TLC's design patents and copyrighted artwork;
2. Remove all infringing products from your websites, online marketplaces, and any other sales platforms;
3. Remove all unauthorized use of TLC's copyrighted images from your websites and sales platforms;
4. Destroy all infringing products currently in your inventory;

Emily Kearney
Attorney & Managing Partner
The Kearney Firm, APC
301 Bayview Circle, Suite A5278
Newport Beach, CA 92660
(714) 624-4186
emily@thekearneyfirm.com
www.thekearneyfirm.com



5. Payment of **$175,000** to settle this matter, which includes compensation for lost revenue, statutory damages for willful copyright infringement, and damages for willful patent infringement;
6. Provide written confirmation that you will comply with these demands by **Friday, November 15, 2024**.

We are attaching a declaration for **Guadalupe Gifts** to sign and return, in which you agree to cease the sale of the infringing products, destroy any remaining inventory, and refrain from creating or selling any similarly designed products in the future.

**Failure to Comply**

Should you fail to contact us regarding your willingness to comply with these demands by **Friday, November 15, 2024**, we will file suit against your company seeking full damages, including lost profits, statutory damages for copyright infringement (up to $150,000 per infringement), treble damages for willful patent infringement, attorney's fees, and costs.

We strongly urge you not to ignore this letter, as TLC takes its intellectual property rights very seriously and is prepared to take all necessary legal actions to protect those rights. However, we remain open to resolving this matter amicably and avoiding the need for costly litigation.

We look forward to your immediate compliance. Nothing in this letter should be construed as a waiver of any of TLC's rights or remedies, all of which are expressly reserved pursuant to Federal Rules of Evidence Rule 408.


Very truly yours,



Emily Kearney, Esq.