_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-02577-FWS-JDE                           Date: March 11, 2025
Title: The Little Catholic, LLC, *et al*. v. Specialized Top Advisory Services Inc., *et al*.

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO TRANSFER [25] AND DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION TO STRIKE ALL OF DEFENDANT'S COUNTERCLAIMS [21]**

In this case, Plaintiffs The Little Catholic, LLC ("TLC") and Priscilla Durant ("Durant") (TLC and Durant together, "Plaintiffs") allege claims against Defendant Specialized Top Advisory Services, Inc., doing business as Guadalupe Gifts ("Defendant") for copyright infringement, patent infringement, and violation of the right of publicity.  (*See generally* Dkt. 1 ("Complaint" or "Compl.").)  Defendant asserts counterclaims seeking declarations of non-infringement and invalidity of Plaintiffs' patents, noninfringement of Plaintiffs' copyrights, no violation of the right to publicity, and no willful patent or copyright infringement.  (*See generally* Dkt. 19 ("Counterclaims" or "CC").)  Before the court are two motions: (1) Defendant's Motion to Dismiss or, in the Alternative, Motion to Transfer, (Dkt. 25 ("Defendant's Motion" or "D. Mot.")), and (2) Plaintiffs' Motion to Strike All of Defendant's Counterclaims, (Dkt. 21 ("Plaintiffs' Motion" or "P. Mot.")).  Both of these motions are fully briefed.  (*See* Dkts. 22, 29-31.)  The court finds these matters appropriate for resolution without oral argument.  *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-02577-FWS-JDE                                    Date: March 11, 2025
Title: The Little Catholic, LLC, *et al*. v. Specialized Top Advisory Services Inc., *et al*.

submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute").  Accordingly, the hearing set for March 20, 2025, is **VACATED** and off calendar.  Based on the record, as applied to the applicable law, Defendant's Motion is **GRANTED** to the extent it seeks transfer of this case.  This case is **TRANSFERRED** to the Southern District of Florida.  Plaintiffs' Motion is **DENIED WITHOUT PREJUDICE** to refiling before the Southern District of Florida court.

I.     Background

   TLC, a California LLC and "a small family-owned business founded in 2018," is a "designer, manufacturer, and retailer of Catholic merchandise, including but not limited to jewelry." (Compl. ¶¶ 8, 11.)  Defendant, a Florida company, is also "a designer, manufacturer, and retailer of Catholic jewelry in the United States," selling its jewelry on its website, www.guadalupegifts.com.  (*Id.* ¶¶ 9-10.)

   Durant created and owns "three-dimensional artwork depicting the three hearts of the Holy Family (the 'Holy Family Hearts Artwork')," i.e. Jesus, Mary, and Joseph, which "Durant exclusively licenses" to TLC.  (*Id.* ¶¶ 13, 16.)  TLC holds design patents Nos. D1012750 and D1043407 (the "Design Patents") on this "three-dimensional jewelry design" of the Holy Family Hearts Artwork.  (*Id.* ¶¶ 15-16, 19, Ex. A.)  Durant also owns copyright registrations for the Holy Family Hearts Artwork, Reg. Nos. VA0002209979 and VAu001510355 (the "Copyrights"), and exclusively licenses the Copyrights to TLC.  (*Id.* ¶¶ 17-18, Ex. B.)

   Separate from the Holy Family Hearts Artwork, TLC created and owns "a group of eleven photos for photographs that are protected by TLC's Mother Mary Photos Copyright to promote and sell merchandise," including the "Mother Mary Necklace in Blue" listed on its

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-02577-FWS-JDE | Date: March 11, 2025 |
| Title: The Little Catholic, LLC, *et al*. v. Specialized Top Advisory Services Inc., *et al*. | |

website.  (*Id.* ¶¶ 14, 17.)  TLC owns a copyright registration for these eleven photographs, Reg. No. VA2-417-061 ("Mother Mary Photos Copyright").  (*Id.* ¶ 17, Ex. B.)

Plaintiffs allege Defendant "infringe[s] the Copyrights and Design Patents by making, using, selling, and offering for sale in the United States jewelry using a design substantially similar to the Copyrights and Design Patents ('Infringing Jewelry')," including "three-dimensional jewelry design in the United States of all three hearts of the Holy Family—Jesus, Mary, and Joseph."  (*Id.* ¶¶ 20, 22, 25, Ex. C.)  Defendant also "stole and unlawfully reproduced [Plaintiffs'] copyrighted Mother Mary Photos directly from TLC's website and used them to advertise and sell [Defendant's] products," thereby infringing the Mother Mary Photos Copyright.  (*Id.* ¶¶ 31, 39, Ex. H.)  "The stolen photos depict not only the copyrighted image of the Mother Mary Necklace in Blue but also portions of Durant's face and fingers holding or wearing the necklace."  (*Id.* ¶ 31.)  Based on these facts, Plaintiffs allege claims for (1) copyright infringement, (2) patent infringement, and (3) violation of Durant's right of publicity.  (*Id.* ¶¶ 51-92.)

## II.     Discussion

Defendant's Motion argues (1) venue on the patent claim is improper in the Central District of California, and (2) this case should be transferred to the Southern District of Florida under 28 U.S.C. § 1404(a).  (D. Mot. at 2-16.)  The court considers these arguments in turn.

### A.     Patent Venue

As stated, in this case Plaintiffs assert claims for copyright infringement, patent infringement, and violation of the right of publicity.  (Compl. ¶¶ 51-92.)  "When there are multiple claims in an action, the plaintiff must establish that venue is proper as to each claim."  *Id.* (citing *Allstar Mktg. Grp., LLC v. Your Store Online, LLC,* 666 F.Supp.2d 1109, 1126 (C.D.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02577-FWS-JDE                                    Date: March 11, 2025
Title: The Little Catholic, LLC, *et al*. v. Specialized Top Advisory Services Inc., *et al*.

Cal. 2009)). Defendant does not appear to dispute that venue is proper in this District on Plaintiffs' copyright and right of publicity claims. (*See generally* D. Mot.; D. Reply.) However, Defendant contends that venue is not proper in this District on Plaintiffs' patent claim.

"Venue in federal courts is governed entirely by statute." *Zumba Fitness, LLC v. Brage*, 2011 WL 4732812, at *1 (C.D. Cal. Oct. 6, 2011). The patent venue statute provides that venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b); *see TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 261 (2017). "[A] domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute," *TC Heartland LLC*, 581 U.S. at 262, and there is no dispute in this case that Defendant is incorporated in Florida, (D. Mot. at 4; Compl. ¶ 9). Accordingly, whether patent venue is proper in this District depends on whether Defendant has a "regular and established place of business" here. *See* 28 U.S.C. § 1400(b); *TC Heartland LLC*, 581 U.S. at 261. There are "three general requirements relevant to the inquiry: (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

Plaintiffs argue Defendant has a "regular and established place of business" in this District because it has "a 'partner location' store within this judicial district" in Santa Barbara. (Dkt. 29 ("P. Opp.") at 4, 12-13.) However, the court is not persuaded that the statutory requirements are met here. *See In re Cray Inc.*, 871 F.3d at 1360. "[T]he third requirement when determining venue is that 'the regular and established place of business' must be 'the place of the defendant.'" *Id.* at 1363. "Relevant considerations" regarding this factor "include whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place." *Id.* "[A] defendant's representations that it has a place of business in the district are relevant to the inquiry" as well, including when, as here, "the defendant lists the

**CIVIL MINUTES – GENERAL**                                                                            4

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-02577-FWS-JDE | Date: March 11, 2025 |
| Title: The Little Catholic, LLC, *et al*. v. Specialized Top Advisory Services Inc., *et al*. | |

alleged place of business on a website." *Id.* "But the mere fact that a defendant has advertised that it has a place of business or has even set up an office is not sufficient; the defendant must actually engage in business from that location." *Id.* at 1363-64.

Here, the record does not adequately support that Defendant "actually engage[s] in business from" the Santa Barbara "partner location." *Id.* at 1364. And "[e]ven if the Court resolves this factual conflict in Plaintiff[s'] favor, it is not sufficient to demonstrate a regular and established place of business" because "[n]umerous courts have held that selling defendant's products through an independent distributor is not sufficient to satisfy the patent venue statute." *Inhale, Inc. v. Gravitron, LLC*, 2018 WL 5880192, at *3-4 (C.D. Cal. Sept. 5, 2018) (finding no "regular and established place of business" where the plaintiff "contend[ed] that Defendant sells or offers to sell the product-at-issue through 'partner' stores physically located in California" by "point[ing] to Defendant's website, which identifies twelve locations within this judicial district that allegedly carry Defendant's products") (collecting cases); *see also Green Fitness Equip. Co., LLC v. Precor Inc.*, 2018 WL 3207967, at *3 (N.D. Cal. June 29, 2018) ("This district and others have held that a defendant cannot establish venue through the presence of independent distributor.") (collecting cases). Where, as here, "any statutory requirement is not satisfied, venue is improper under § 1400(b)." *In re Cray Inc.*, 871 F.3d at 1360.

Plaintiffs' argument that Defendant waived any objection to venue (P. Opp. at 7-11) is unpersuasive. "As long as a Rule 12(b) motion was not previously filed, the inclusion of the defense of improper venue in an answer or an amended answer filed as a matter of course preserves the venue defense," and it is appropriate to decide such a defense through a motion under Rule 12(c) or Rule 12(i) before trial. *Denari v. U.S. Dry Cleaning Servs. Corp.*, 2017 WL 2779051, at *3 (E.D. Cal. June 27, 2017); Fed. R. Civ. P. 12(i); (*see* Dkt. 19 (Answer) ¶ 7 ("Defendant denies that venue is proper in this Court."); CC ¶ 7 ("As explained in Paragraph 7 of Defendant's Answer, Venue is improper in this Court.").

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02577-FWS-JDE     Date: March 11, 2025
Title: The Little Catholic, LLC, *et al*. v. Specialized Top Advisory Services Inc., *et al.*

Plaintiffs' contention that "pendent venue is available given venue based on the copyright claim" also fails to persuade. (P. Opp. at 15-17 (bolding and capitalizing removed from heading).) "Pendent venue of patent claims . . . runs counter to th[e] holding [of *TC Heartland*]," and "every district court that has addressed the issue" has declined to find pendent venue over a patent claim. *Globefill Inc. v. TJX Companies, Inc.*, No. CV 22-1639-CFC, 2023 WL 3496375, at *1 (D. Del. May 17, 2023) (collecting cases); *cf. Zumba Fitness, LLC*, 2011 WL 4732812, at *2 ("[C]ourts have frequently found that trademark and copyright claims 'are not so closely related that they justify adoption of a pendent venue theory.'") (quoting *Shari's Berries Int'l, Inc. v. Mansonhing,* 2006 WL 2382263, at *3 (E.D. Cal. Aug.17, 2006)) (collecting cases). Similarly, "when a party advocates the exercise of pendent venue over a federal claim which is subject to its own specific venue provisions, courts have found that the more specific venue provisions control, and have required that the case be brought in a venue which satisfies the more specific statute." *Zumba Fitness, LLC*, 2011 WL 4732812, at *2 (cleaned up). Accordingly, the court finds that copyright venue does not provide an adequate basis for pendent venue over Plaintiffs' patent claim. *See id.*; *Hoffacker v. Bike House*, 540 F. Supp. 148, 149 (N.D. Cal. 1981) ("Similarly, the parties before this court cannot circumvent the special venue statute merely by joining a related federal claim to their claim of patent infringement. Such evasion of the venue limitation imposed by section 1400(b) would be a subversion of the Supreme Court's determination that this section is the exclusive provision governing patent actions.").

In summary, the court finds Plaintiffs have failed to establish that venue over their patent claim is proper in this District. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). To inform the court's analysis regarding the interest of justice, the court turns to Defendant's

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02577-FWS-JDE                             Date: March 11, 2025
Title: The Little Catholic, LLC, *et al*. v. Specialized Top Advisory Services Inc., *et al*.

alternative argument, that venue is inconvenient in this District and the case should be transferred to the Southern District of Florida under Section 1404(a). (D. Mot. at 6-16.)

### B.   Convenience Transfer Under Section 1404(a)

Section 1404 provides that "a district court may transfer any civil action to any other or division where it might have been brought" "[f]or the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). Under Section 1404(a), two findings are required for proper transfer: (1) the transferee district court "is one where the action might have been brought," and (2) "the convenience of the parties and witnesses in the interest of justice favor transfer." *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). Plaintiffs do not appear to dispute that this case could have been brought in the Southern District of Florida. (*See generally* P. Opp.; *see also* D. Mot. at 7-9 (explaining why this case could have been brought in the Southern District of Florida).) The question of whether to transfer therefore turns on whether the "the convenience of parties and witnesses" and "the interest of justice" favor transfer. 28 U.S.C. § 1404(a); *Hatch*, 758 F.2d 409, 414.

Section 1404 gives district courts discretion "to adjudicate motions for transfer according to 'an individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The moving party bears the burden of demonstrating that a transfer would enable the case "to proceed more conveniently and better serve the interests of justice." *Rubio v. Monsanto Co.*, 181 F. Supp. 3d 746, 759-60 (C.D. Cal. 2016). "It is not enough for the defendant to merely show that it prefers another forum, and transfer will also not be allowed if the result is merely to shift the convenience from one party to another." *Lax v. Toyota Motor Corp.*, 65 F. Supp. 3d 772, 776 (N.D. Cal. 2014). Similarly, "[v]ague generalizations or conclusory declarations are insufficient to meet this burden." *Behring Reg'l Ctr. LLC v. Wolf*, 2021 WL 1164839, at *3 (N.D. Cal. Mar. 26, 2021).

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02577-FWS-JDE                                        Date: March 11, 2025
Title: The Little Catholic, LLC, *et al*. v. Specialized Top Advisory Services Inc., *et al*.

Courts consider factors including the following to determine whether a transfer under section 1404(a) is "in the interest of justice":

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling nonparty witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir.2000) (citing *Stewart Org.,* 487 U.S. at 29-31 (1988); *Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir. 1987)).  Courts also consider certain "[p]ublic-interest factors," which "may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63 (2013) (cleaned up).

In this case, the court finds these factors weigh in favor of transfer.  The first factor is neutral because there is no relevant agreement.  *See Jones*, 211 F.3d at 498-99.  The second factor is also neutral because both courts are equally familiar with federal patent and copyright law.  *See DS Advanced Enterprises, Ltd. v. Cooper Lighting, LLC*, 2024 WL 5260939, at *5 (C.D. Cal. Nov. 20, 2024) (finding this factor "neutral" "because federal law, and Federal Circuit precedent, governs this action," making any federal district court equally capable of construing the governing law); *Freeman v. Apple, Inc.*, 2023 WL 5110926, at *5 (N.D. Cal.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02577-FWS-JDE                                   Date: March 11, 2025
Title: The Little Catholic, LLC, *et al*. v. Specialized Top Advisory Services Inc., *et al.*

Aug. 9, 2023) ("Both courts are equally familiar with federal copyright law, so the second factor is neutral.").

The third factor—Plaintiffs' choice of forum—weighs against transfer. (*See* P. Opp. at 18-19; Dkt. 30 ("D. Reply") at 16 (not disputing this notion, but arguing that "a plaintiff's choice of forum is only one of several factors a court must consider when ruling on a motion to transfer venue" (quotation omitted)).)  However, "[w]here the action has little connection with the chosen forum, less deference is accorded plaintiff's choice, even if plaintiff is a resident of the forum." *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1260 (W.D. Wash. 2005). And "[i]n patent infringement actions, the preferred forum is that which is the center of gravity of the accused activity." *Id.*; *DS Advanced Enterprises, Ltd. v. Cooper Lighting, LLC*, 2024 WL 5260939, at *4 (C.D. Cal. Nov. 20, 2024) (same).  Here, the record reflects little dispute that the "center of gravity of the accused activity" is not in the Central District of California. *Id.*; (*see* P. Opp. at 12 (noting just one "partner location" in this District)).  Accordingly, the court finds the third factor weighs only slightly against transfer. *See Dahdoul Textiles, Inc. v. Zinatex Imports, Inc.*, 2015 WL 5050514, at *4 (C.D. Cal. Aug. 25, 2015) ("Notably, Plaintiffs are not due the significant deference typically afforded to their choice of forum because the alleged infringement did not occur in California, and because this district is clearly not the primary residence of the Defendants.").

The court finds the fourth and fifth factors—the parties' contacts with California and the contacts in California relating to Plaintiffs' claims—weigh in favor of transfer given the fact that the vast majority of Defendant's alleged infringing activity is not alleged to be occurring in California. *See Amazon.com*, 404 F. Supp. 2d at 1260 ("Here, the alleged infringement occurred on defendants' websites, which were designed and are maintained at defendants' business headquarters in New York (Cendant), New Jersey (Avis and Budget), Connecticut (Trilegiant), and Chicago, Illinois (Orbitz). . . . Thus the center of gravity in this case, based on

**CIVIL MINUTES – GENERAL**                                                                                                9

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02577-FWS-JDE            Date: March 11, 2025
Title: The Little Catholic, LLC, *et al*. v. Specialized Top Advisory Services Inc., *et al.*

___

the 'hub of activity' around the infringing websites, . . . weighs in favor of the Delaware forum.").

The court further finds the sixth factor, the differences in the costs of litigation in the two forums, to be neutral, especially because the parties offer no argument on the topic. *See iPowerUp, Inc. v. Ascent Solar Techs., Inc.*, 2016 WL 6953453, at *5 (C.D. Cal. May 27, 2016) ("To support transfer, there must be actual cost savings to the other forum and not mere shifting of the costs between parties. This factor ordinarily involves an evaluation based on the location of potential percipient witnesses.") (citation omitted).

Regarding the seventh and eighth factors, the availability of compulsory process to compel attendance of unwilling nonparty witnesses and the ease of access to sources of proof, the court observes that evidence and witnesses regarding the relevant patents and copyrights and their possible infringement will likely exist in both California and Florida, making these factors neutral as well. *See, e.g.*, *Wakefield v. Olen Properties Corp.*, 2022 WL 2101734, at *3 (C.D. Cal. Jan. 4, 2022) ("Regardless of where this case is tried, there may be some difficulty with compelling attendance of unwilling non-party witnesses."); *Hendricks v. StarKist Co.*, 2014 WL 1245880, at *4 (N.D. Cal. Mar. 25, 2014) ("[C]ourts have held that transfer is inappropriate where it would merely shift rather than eliminate the inconvenience."); *see also Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1149 (C.D. Cal. 2009) ("[E]ase of access to documents does not weigh heavily in the transfer analysis, given that advances in technology have made it easy for documents to be transferred to different locations."); *iPowerUp, Inc.*, 2016 WL 6953453, at *7 ("However, in light of the use of electronic discovery and document transmission, this factor offers very limited support for the transfer of this action.").

The court further finds the public interest factors are also neutral, including because both California and Florida have an interest in this case. *See, Freeman*, 2023 WL 5110926, at *5

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02577-FWS-JDE                                    Date: March 11, 2025
Title: The Little Catholic, LLC, *et al*. v. Specialized Top Advisory Services Inc., *et al.*

("And the fora's relevant public policies balance each other, given each forum's interest in enforcing copyright laws.").

Finally, in considering "the interest of justice" under Section 1404(a), courts consider issues related to judicial economy. *Elecs. for Imaging, Inc. v. Tesseron, Ltd.*, 2008 WL 276567, at *1 (N.D. Cal. Jan. 29, 2008) (citing *Regents of the University of California v. Eli Lilly & Co.,* 119 F.3d 1559, 1565 (Fed. Cir. 1997)). In this case, the court has determined that patent venue does not lie in the Central District of California. *See* Section II.A., *supra*. "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Id.* (quoting *Continental Grain Co. v. The FBL-585,* 364 U.S. 19, 26 (1960)). Here, although Plaintiffs' patent, copyright, and right of publicity claims may not all involve "precisely the same issues," the court finds that "wastefulness of time, energy and money" would still result from having Plaintiffs' claims against Defendant proceed in different district courts. *Id.*; *see SoccerSpecific.com v. World Class Coaching, Inc.*, 2008 WL 4960232, at *3 (D. Or. Nov. 18, 2008) (granting motion to transfer when venue was improper on breach of contract claim and the court found "a transfer of the remaining claims would 'serve the interests of justice' as stated in § 1404 and would be consistent with the purpose of that section in that it would promote judicial economy and prevent the waste of time, energy and money" because "[t]he remaining claims in this action are largely intertwined with the breach of contract claim that must be transferred to Kansas" and "[a]n action in Kansas for the breach of contract claim and an action in Oregon for the remaining claims would be inefficient and inconvenient for all involved and would not serve the interest of justice").

In summary, on balance, the court finds the relevant factors weigh in favor of transferring all of Plaintiffs' claims against Defendant to the Southern District of Florida.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-02577-FWS-JDE                                    Date: March 11, 2025
Title: The Little Catholic, LLC, *et al*. v. Specialized Top Advisory Services Inc., *et al.*

### III.   Disposition

For the reasons set forth above, the court **GRANTS** Defendant's Motion to the extent it seeks transfer of this case.  This case is therefore **TRANSFERRED** to the Southern District of Florida.  Plaintiffs' Motion is **DENIED WITHOUT PREJUDICE** to refiling before the Southern District of Florida court.